UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

MELANIE EVE DESERRES,

Plaintiff,

v.

PETCO ANIMAL SUPPLIES STORES, INC.

Defendant.
_____/

**PETCO ANIMAL SUPPLIES STORES, INC.'S NOTICE OF REMOVAL**

Defendant, PETCO ANIMAL SUPPLIES STORES, INC., ("Petco"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action, Case No. 2020-CA-003086, filed in the Tenth Judicial Circuit in and for Polk County, Florida, with full reservation of rights, exceptions, and defenses, and in support thereof states:

## I.    BACKGROUND

1. On or about October 8, 2020, Plaintiff commenced the instant action by filing a Complaint for Damages in the Tenth Judicial Circuit Court in and for Polk County, Florida. *See* Complaint for Damages, attached as Exhibit "A."

2. The Complaint was served on Petco via its Registered Agent on or about October 16, 2020. *See* Summons, reflecting the date of service in handwriting, attached as Exhibit "B."

3. Plaintiff's Complaint against Petco alleges negligence against the company because of injuries Plaintiff allegedly suffered on September 20, 2019, after an alleged slip and fall at a

1

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Petco store located at 4139 US Highway 98 N., Lakeland, Polk County, Florida ("subject location").  *See* Ex. "A" at ¶¶ 3-5.

4.    Plaintiff alleges that while at the subject location she slipped and fell in puddle of urine due to Petco's negligent failure to maintain its premises in a reasonably safe condition, correct a dangerous condition, and warn Plaintiff of a dangerous condition.  *Id.* at ¶¶ 4, 6.

5.    The Complaint generally alleges that this action for damages exceeds the minimum jurisdictional requirement for state circuit court of $30,000.00.  *Id.* at ¶ 1.

6.    Further, the Complaint alleges that as a result of Plaintiff's fall, she sustained bodily injury and resulting pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and an aggravation of a previously existing condition, and that all claimed losses are either permanent or continuing into the future.  *Id.* at ¶ 8.

7.    Plaintiff readily concedes that she is a "resident of Polk County, Florida," *see Id.* at ¶ 2.  Plaintiff's allegation that she resides in Florida is confirmed by her Civil Remedies Notice, filed with the Florida Dept. of Financial Services, for injuries she allegedly sustained at the subject location and intake paperwork completed by Plaintiff for her medical provider.  Copies of said documents showing Plaintiff's Florida citizenship are attached as Composite Ex. "C."

8.    Petco is a Delaware corporation and maintains its principal place of business in San Diego, California. *See* corporation records of the Florida Department of State, Division of Corporations, identifying the State(s) of incorporation and principal place of business designations, attached as Composite Exhibit "D".

9. On or about November 19, 2019, prior to filing of the instant lawsuit, Plaintiff, through her attorney, submitted a pre-suit demand letter that sought Two Hundred and Fifty Thousand ($250,000.00) dollars for the reasonable settlement of Plaintiff's claims for bodily injury, impairments, damages, and losses. *See* Plaintiff's Pre-Suit Demand Letter with surgical cost estimates, attached as Exhibit "E."

10. Further, the demand letter asserts that Plaintiff sustained severe and permanent injuries that resulted from the alleged slip and fall. *See* Ex. "E." According to the demand letter and the medical/surgical cost estimates provided therewith, Plaintiff suffered injuries to her right hand/wrist, right shoulder, cervical spine, and lumbar spine. *Id*. The demand letter identified that Plaintiff was scheduled for right hand carpal tunnel syndrome release surgery and C4/C5 cervical fusion surgery on November 22, 2019, with an estimated cost of $130,587.55. *Id*.

11. The demand letter also referenced two future surgical procedures (lumbar fusion surgery at the L5/S1 level and right shoulder arthroscopic surgery), with an estimated combined cost of $269,988.63. *Id*. No date was given for these future surgeries. Therefore, pursuant to the demand letter, she would require approximately $400,576.18 for future surgical intervention. *Id*.

12. Following Petco's receipt of the demand letter, Plaintiff provided supplemental medical records showing that she completed both the right hand carpal tunnel syndrome release surgery and a discectomy and fusion of her cervical spine, at the C4-5 level, on November 22, 2019. *See* Plaintiff's redacted medical records and bills, attached as Composite Exhibit "F." Based upon billing information provided for her past treatment, Plaintiff has incurred $155,207.34 in medical expenses. *Id*. When combined with the estimated costs for her future lumbar and shoulder surgeries, Plaintiff's past and future medical care costs alone easily exceed $425,000.00. This

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

figure does not include damages for past and future pain and suffering or lost wages; which are damages claimed in Plaintiff's Complaint

13. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees and costs.

14. Petco attaches hereto, and makes a part of this notice, a copy of the process, pleadings, and other papers filed in the Tenth Judicial Circuit Court in and for Polk County, Florida, together with the docket sheet from the Clerk of the Court.  *See* State Court Filings attached as Exhibit "G."

15. Petco reserves the right to raise all defenses and objections in this action after the action is removed in this Court.

## II.  REMOVAL IS TIMELY

16. In accordance with 28 U.S.C. § 1446(b)(1), Petco files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint.  Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.  The thirty (30) day period commenced on October 16, 2020 when Plaintiff served his Summons and Complaint.  *See* Ex. "B."

17. Venue exists in the United States District Court for the Middle District of Florida, Tampa Division, because the Tenth Judicial Circuit Court in and for Polk County is located in Bartow, Florida, which is located within the United States District Court for the Middle District of Florida, Tampa Division.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A. Citizenship of Defendant PETCO ANIMAL SUPPLIES STORES, INC.

19. Petco is a Delaware corporation with its principal place of business in California, located at 10850 Via Frontera, San Diego, CA 92127. Petco is therefore a citizen of the States of Delaware and California for purposes of diversity jurisdiction, which are the states of its incorporation and principal place of business. At no time material to this lawsuit has Petco been a citizen of Florida. Petco operates solely in the state of Florida as a Foreign Profit Corporation. *See* corporation records of the Florida Department of State, Division of Corporations, contains incorporation or principal place of business designations, attached as Composite Ex. "D."

#### B. Citizenship of Plaintiff MELANIE EVE DESERRES

20. Plaintiff was at all times material to this action a "resident of Polk County, Florida." *See* Ex. "A" at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (Cohn, J) (internal citations omitted).

21. Here, Plaintiff unequivocally alleges she is a resident of Polk County, Florida. *See* Ex. "A" at ¶ 2. Plaintiff's Polk County, Florida residence is prima facie evidence of her domicile,

5

which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

22. Plaintiff's Florida citizenship is further supported by her Civil Remedies Notice filed with the Florida Department of Financial Services for injuries she sustained at the subject location, and intake paperwork completed by Plaintiff for her medical provider. *See* Ex. C. These documents confirm that Plaintiff's address is located in Lakeland, Polk County, Florida. *See Id*.

## IV.     AMOUNT IN CONTROVERSY

23. The amount in controversy in this lawsuit clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 circuit court jurisdictional minimum, it is clear from Plaintiff's pre-suit demand, which provides a reasonable assessment of his claimed damages, and the medical bills/estimates provided along with it that describes her injuries, treatment, and recommendation for surgical evaluation, that Plaintiff's claimed damages exceed the jurisdictional minimum for this Court of $75,000.00. *See Katz*, 2009 U.S. Dist. LEXIS 51705, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

24. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS*

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

25. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

26. The relevant portions of Plaintiff's pre-suit demand, and medical records received subsequent thereto, conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

27. As of the date of Plaintiff's demand, Plaintiff's estimated cost for her multiple future surgical procedures was in excess of $400,000.00. *See* Ex. E. These estimates do not incorporate any treatments, consultations or medical imaging performed leading up to the recommended surgical procedures, nor do they include costs for post-operative care or therapy. *See Id.*

28. Further, based on billing information provided from a single medical provider, Plaintiff has already incurred $155,207.34 in medical expenses, which includes her carpal tunnel release and cervical discectomy and fusion surgeries. *See* Ex. F.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

29. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to remove the action from state court. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at *4.

30. Further, in *Katz*, the Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's November 19, 2019 pre-suit demand letter, it was based on medical records provided by Plaintiff and anticipation of a future surgery. 2009 WL 1532129 at *4; *see also* Ex. "D" (documenting a herniation and tear to Plaintiff's lumbar spine, two tears to his left knee, and a tear to his left wrist).

31. Moreover, a detailed pre-suit demand that provides specific information to support the plaintiff's claim for damages is entitled to more weight than a demand based on puffing and posturing. *Moses v. Home Depot U.S.A., Inc.*, No. 13-60546-CIV, 2013 U.S. Dist. LEXIS 191441, at *5-*6 (S.D. Fla. June 19, 2013); *Filippone v. CP Clearwater, LLC*, No. 8:18-cv-2503-T-33AAS, 2018 U.S. Dist. LEXIS 192075, at *5, 2018 WL 5874141 (M.D. Fla. Nov. 9, 2018); *Roberts v. Victoria's Secret Stores, LLC,* NO. 18-61534, 2018 U.S. Dist. LEXIS 135404, at *6-*7 (S.D. Fla. Aug. 9, 2018); *Galano v. Target Corp.*, No. 1:17-cv-20439, 2017 U.S. Dist. LEXIS 188075 (S.D. Fla. Nov. 13, 2017).

32. Supporting information and documentation serves as evidence that a demand letter is an honest assessment of damages. *Mick v. De Vilbiss Air Power Co.*, No. 6:10-cv-1390, 2010 U.S. Dist. LEXIS 136246, *5-6, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010) ("The demand letter filed one year after Plaintiff's injury contains sufficient facts to evaluate Plaintiff's demand that

8

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Defendant pay $175,000.00 to settle the claim. The letter is evidence of Plaintiff's view of the amount in controversy, and that view is relevant in deciding the Motion to Remand."); *Moses*, 2013 U.S. Dist. LEXIS at *6 (citing *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 U.S. Dist. LEXIS 96399, at *4 (S.D. Fla. Sept. 14, 2010) (finding that a detailed pre-suit demand letter that enumerated the extent of the alleged injuries, the plaintiff's treating physicians, and the medical care received from each of those physicians could be considered reliable evidence that damages would exceed $75,000.00)).

33. In *Moses*, the plaintiff alleged personal injury after a box fell on him while at a Home Depot Store. *Moses*, 2013 U.S. Dist. LEXIS at *1. Prior to filing his complaint, the plaintiff sent the plaintiff a demand letter seeking $255,000.00 for "past and future medical and hospital expenses, loss of earning capacity, future loss of earning capacity, his pain and suffering, permanent injuries and all other damages duly recoverable." *Id* at *2. The pre-suit demand also described the severity of the alleged injuries, the effects that the injuries have had on Plaintiff, the treatment obtained, the names of treating physicians, and the future treatment required. *Id*. The plaintiff also enclosed medical reports "and a table showing the medical expenses already incurred in the amount of $14,270.90." *Id*. The court denied the plaintiff's motion to remand finding "the damages claim found in the pre-suit demand letters, combined with the severity of [the] Plaintiff's injuries, his doctors' opinions that [the] Plaintiff will require surgery" show that the amount in controversy exceeds the jurisdictional minimum. *Id* at *9-*10.

34. Here, after careful consideration of Plaintiff's condition, past and future treatment, and future litigation, the pre-suit demand letter quantified $250,000.00 as a reasonable settlement for all bodily injuries, impairments, damages, and losses Plaintiff suffered because of the September 20, 2019 incident.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

35.     Plaintiff's pre-suit demand letter appears to be an honest assessment of her claimed present and future damages as it was based on her physicians' recommendations and estimated costs for future surgery including a cervical fusion at the C4/5 level, lumbar fusion at the L5/S1 level, a right shoulder arthroscopic surgery with SLAP repair, and a right hand carpal tunnel release.  *See* Ex. E.

36.     Additionally, Plaintiff provided medical records showing that she has incurred at least $155,207.34 in past medical expenses, due in part to the performance of the above mentioned carpal tunnel surgery and cervical spine fusion surgery. *See* Ex. F.

37.     Further, Plaintiff seeks an unspecified amount of damages for past and future pain and suffering, lost wages, permanent scarring and disfigurement, and loss of the capacity to enjoy life because of the incident in her Complaint.  *See* Ex. "A" at ¶ 8.

38.     The evidence provided above clearly demonstrates Plaintiff's claimed damages in the instant case far exceed $75,000.00.  Accordingly, Petco has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V.     CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Upon filing of this Notice of Removal, Petco will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida.

**WHEREFORE**, Defendant, PETCO ANIMAL SUPPLIES STORES, INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

aforesaid action, Case No. 2020-CA-003086, be removed to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Petco is entitled.

**Dated: November 16, 2020**

Respectfully Submitted,

/s/ Schuyler A. Smith
Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Michael T. Relihan, Esq.
Florida Bar No. 116053
mrelihan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Attorneys for Petco Animal Supplies Stores, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 16, 202019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

Respectfully Submitted,

/s/ Schuyler A. Smith
Schuyler A. Smith, Esq.

**SERVICE LIST**

Yulric Abercrombie, Esq.
**Abercombie, P.A.**
*Attorneys for Plaintiff*
1950 Lee Road, Suite 222
Winter Park, Florida 32789
Phone: (407) 951-8960
Fax: (407) 960-4789
yulric@abercrombielaw.com
jeanette@abercrombielaw.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690